KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-0712-L |
|---|---|---|
| Plaintiff, | ) | DATE: August 26, 2008 |
|  | ) | TIME: 9:00 a.m. |
| v. | ) | |
| CARLOS LOPEZ-GARCIA, | ) | **UNITED STATES' TRIAL MEMORANDUM** |
| Defendant. | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Trial Memorandum.

**I**

**STATEMENT OF THE CASE**

**A.   INDICTMENT**

On March 12, 2008, defendant Carlos Lopez-Garcia was arraigned on a one-count indictment charging him with a violation of Title 8, United States Code, Sections 1326(a) and (b). Defendant entered a plea of not guilty.

/ / /

/ / /

**B.    TRIAL STATUS**

A bench trial is scheduled for August 26, 2008, at 9:00 a.m. before the Honorable M. James Lorenz, United States District Judge.  As described below, the parties have stipulated to multiple facts.  The United States therefore intends to call only the arresting Border Patrol agent as a witness in its case-in-chief.

**C.    DEFENSE COUNSEL**

Defendant is represented by appointed counsel, Paul Turner, Esq.

**D.    DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.    INTERPRETER**

The United States will not require the assistance of a Spanish-speaking interpreter for its witness.

**F.    JURY WAIVER**

Defendant has filed a jury waiver.

**G.    PRETRIAL MOTIONS**

On March 25, 2008, the United States filed a motion for fingerprint exemplars and reciprocal discovery.  On June 13, 2008, Defendant filed a motion for discovery.  Neither party has filed motions in limine.

**H.    STIPULATIONS**

The parties have stipulated that the following facts are true beyond a reasonable doubt:

1. Defendant is not a citizen of the United States.
2. Defendant is a citizen and national of Mexico.
3. Defendant has been previously deported or removed from the United States.
4. On April 15, 1993, Defendant was ordered deported or removed from the United States following a removal hearing before an Immigration Judge.  Defendant waived his right to appeal the Judge's order.
5. On April 16, 1993, Defendant was physically deported or removed from the United States to Mexico pursuant to the aforementioned Order of an Immigration Judge.

6.       Defendant also was physically deported or removed from the United States to Mexico on January 8, 1998.

7.       Defendant neither sought nor received permission to reenter the United States following his removal on January 8, 1998.

8.       On February 13, 2008, Defendant was found in the United States walking on Highway 86 near Westmorland, CA in the Southern District of California.

## I.  DISCOVERY

The Government has fully complied with its discovery obligations. To date, Defendant has not provided reciprocal discovery.

## II

## STATEMENT OF FACTS

### A.  Defendant's Apprehension

On February 13, 2008, Border Patrol Agent J. Saracco observed Defendant walking southbound on Highway 86 near Westmorland, California. Agent Saracco pulled over in his vehicle and engaged in a consensual conversation with Defendant on the side of the road. During that conversation, Defendant stated that he was a citizen of Mexico and that he had no documents allowing him to lawfully enter or remain in the United States. Defendant further represented that he had entered the United States illegally on foot near the Tecate, CA Port of Entry in January 2008. Based on this information, Agent Saracco arrested Defendant and transported him to the Border Patrol Highway 86 Checkpoint for processing.

Defendant received Miranda warnings and agreed to make a statement. According to Defendant, he is a Mexican citizen with no entitlement be in the United States. Defendant further admitted that he previously had been ordered deported by an Immigration Judge and that he had returned to the United States to find work.

### B.  Defendant's Immigration History

Defendant is a citizen of Mexico. On April 16, 1993, he was removed from the United States to Mexico pursuant to an Order of an Immigration Judge. Defendant also was removed from the United States to Mexico on January 8, 1998.

**C.     Defendant's Criminal History**

On or about November 13, 1995, Defendant was convicted in Orange County Superior Court of First Degree Robbery, Second Degree Robbery and Assault with a Deadly Weapon, in violation of Penal Code §§ 211 and 245(a)(1). Defendant was sentenced to a total term of 5 years imprisonment.

## III

## APPLICABLE LAW

To establish a violation of 8 U.S.C. § 1326, the United States must prove beyond a reasonable doubt that:

1. Defendant was deported from the United States;
2. After deportation, Defendant voluntarily entered the United States;
3. When Defendant entered he knew he was entering the United States or after Defendant entered the United States he knew that he was in the United States and knowingly remained;
4. Defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and
5. Defendant was an alien at the time of his entry into the United States.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.5B (West ed. 2003, modified January 2007); United States v. Salazar-Gonzalez, 458 F.3d 851 (9th Cir. 2006).

## IV

## WITNESSES

The Government reserves the right to add, omit, substitute or change the order of witnesses. Presently, the Government intends to call the following witness during its case-in-chief:

1. United States Border Patrol Agent John Saracco

/ / /

/ / /

**V**

**EXHIBIT LIST**

The Government does not intend to offer any exhibits into evidence.

**VI**

**OTHER LEGAL ISSUES**

All outstanding legal issues will be addressed at the August 18, 2008 motion hearing.


DATED: August 21, 2008.          Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| 3 | UNITED STATES OF AMERICA, ) | Case No. 08-CR-0712-L |
| 4 | Plaintiff, ) | |
| 5 | v. ) | CERTIFICATE OF SERVICE |
| 6 | CARLOS LOPEZ-GARCIA, ) | |
| 7 | Defendant. ) | |

8

9  IT IS HEREBY CERTIFIED THAT:

10       I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.

11  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12       I am not a party to the above-entitled action. I have caused service of **UNITED STATES'**

13  **TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk

14  of the District Court using its ECF System, which electronically notifies them.

15       Paul Turner, Esq.

16

17       I declare under penalty of perjury that the foregoing is true and correct.

18       Executed on August 21, 2008.

19

20                /s/ David D. Leshner
                  DAVID D. LESHNER

21

22

23

24

25

26

27

28